
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORTHOPAEDIC SPORTS MEDICINE CLINIC OF ALABAMA, P.C.; DR. KENNETH W. BRAMLETT;** and **DR. JOSEPH M. SHERRILL,** <br><br>    Plaintiffs, <br><br> vs. <br><br> **ZIMMER, INC.; ZIMMER HOLDINGS, INC.; and MICHAEL SCARBOROUGH,** <br><br>    Defendants. | Civil Action Number <br> **2:08-cv-1722-UWC** |

## MEMORANDUM OPINION

In this removal action from the Circuit Court of Jefferson County, Alabama, Plaintiffs assert a state law cause of action for breach of contract.

The corporate Zimmer Defendants are citizens of both Delaware and Indiana; while the individual Defendant Scarborough and Plaintiffs are citizens of Alabama. On its face there is a lack of complete diversity.

The Defendants allege fraudulent joinder of Scarborough as the basis for removal.

As a court of limited jurisdiction, the court is obligated to raise questions

concerning jurisdiction *sua sponte. See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte.*"). When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). The burden of the removing party is a "heavy one." *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A 1981).

In the complaint, Plaintiffs allege that the Defendants made fraudulent representations upon which Plaintiffs relied when they expanded their medical practice. Plaintiffs specifically allege that individual Defendant Scarborough made false representations "without knowledge of the true facts either intentionally, recklessly or innocently. . . ." (Doc. 7 at Ex. 1, Compl. ¶¶ 42.)

The Simmer Defendants contend that the claims against Scarborough are not actionable because he was "no more than a conduit" through which information passed from the corporate defendants and he had no independent knowledge about any falsity relating to the corporate defendants' representations.  Without actual knowledge that his statements were false, argues the corporate defendants, Scarborough could not have engaged in fraud.

This argument is unpersuasive.  It is clear that a fraud allegation may encompass claims for innocent and negligent misrepresentation: "Misrepresentations of material fact made willfully to deceive, or recklessly without knowledge, and acted upon by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute fraud." *Ala. Code* § 6-5-101; s*ee, Kinney v. Williams*, 886 So. 2d 753, 774 (Ala. 2004).  Inasmuch as Plaintiffs allege that Scarborough acted "by mistake or innocently," there is a possibility that Plaintiffs can establish a claim against Scarborough.

Accordingly, the removing Defendants have failed to carry their heavy burden of proof of fraudulent joinder. The failure is fatal to removal jurisdiction.

By separate order, the case will be remanded to the Circuit Court of Jefferson County, Alabama.

_____
U.W. Clemon
United States District Judge